UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                          Case No. 8:24-cr-200-WFJ-UAM

MATTHEW STANLEY SIMMONS, III

_____/

**ORDER**

Before the Court is Defendant Matthew Stanley Simmons, III's Motion for Reconsideration of Pretrial Release and in the Alternative for the Court to Set Bond ("Motion for Reconsideration") (Doc. 78) and the United States' response in opposition (Doc. 125). The Court previously held a detention hearing on May 14, 2024 ("Detention Hearing"), at which the parties proffered evidence. In addition, the United States filed a Pre-Trial Detention Memorandum ("Detention Memo") (Doc. 22). After considering the evidenced proffered by the parties, the information contained in the Pretrial Services Report (Doc. 26) and the factors listed in 18 U.S.C. § 3142(g), the Court ordered Simmons detained because the United States met its burden of establishing by clear and convincing evidence that there were no condition or combination of conditions that would reasonably assure the safety of any other persons or the community (Doc. 55).

**DISCUSSION**

Simmons now moves the Court to reconsider its Order of Detention (Doc. 55). The Court will analyze Simmons' pending motion as both a motion for reconsideration as well as a motion to reopen his detention hearing. Under either standard, the motion is

due to be denied. Nevertheless, after considering Simmons' Motion for Reconsideration, the Court reaffirms its order of detention as supplemented herein.

## I.  Motion for Reconsideration

Reconsideration of a previous order is an extraordinary remedy that should be employed sparingly. "Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011). In deciding motions for reconsideration in criminal cases, courts in this district have generally relied on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. *See United States v. Brown*, No. 3:18-CR-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (collecting cases). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Accordingly, "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice" is each a proper reason for reconsideration. *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). A motion for reconsideration, however, cannot be used to relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of the order. *See Arthur*, 500 F.3d at 1343.

Here, there is no basis for reconsideration. Simmons has failed to establish: "(1) an intervening change in law; (2) the discovery of new evidence that was not available at

the time this Court denied the motion to reopen his detention hearing; or (3) the need to correct clear error or manifest injustice." (Doc. 50).  Instead, Simmons just restates his prior arguments for release.

## II.   Motion to Reopen Detention Hearing

To the extent Simmons' Motion for Reconsideration may be construed as a motion to reopen his detention hearing, the motion is likewise denied.  Under 18 U.S.C. § 3142(f), a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).  This statutory "provision is, in effect, a codification of a court's inherent reconsideration authority tempered by the understanding that, to promote finality, preserve judicial resources, and discourage piecemeal presentations, a court should not reconsider a decision based on information that could have been presented the first time around." *United States v. Pon*, 2014 WL 3340584, at *3, 9 (M.D. Fla. May 29, 2014).  Here, Simmons proffers no information that was not known to him at the time of the detention hearing.  As a result, there is no basis to reopen the detention hearing at this time.[1]

---

[1] If Simmons comes forward with information that was not known to him at the time of the detention hearing and has material bearing on the issue of whether there are conditions of release that will reasonably assure the safety of any other person and the community, he may file a motion to reopen the detention hearing.  18 U.S.C. § 3142(f).

3

### III.     Order of Detention is Reaffirmed

A rebuttable presumption of detention arises under 18 U.S.C. § 3142(e)(3)(A), Simmons offered sufficient evidence to rebut the presumption, to include his ties to the community. After considering the evidence proffered at the detention hearing, the written and oral arguments made by counsel, and the factors listed in 18 U.S.C. § 3142(g), the Court again finds that the United States has shown by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. The nature and circumstances of the offense charged, the weight of the evidence against Simmons, and his history and characteristics support the Court's order of detention.

The weight of the evidence against Simmons is strong. According to the United States, Simmons made a post-*Miranda* statement admitting that he had been selling fentanyl. Co-defendant William Cody Ferguson admitted to selling narcotics and identified Simmons as one of his sources.

In addition, on March 16, 2023, a confidential source ("CS") purchased fentanyl from Ferguson. During the audio and video recorded deal, the CS sought to buy over 100 grams, but Ferguson did not have the requested amount, so he contacted Simmons to obtain additional narcotics. Agents conducting surveillance monitored Ferguson as he traveled and met with Simmons. The contact between Simmons and Ferguson is corroborated by tolls and by agents who monitored Simmons' vehicle arrive at the parking lot where Ferguson was parked. Agents surveilled the meeting as the CS joined Simmons

and Ferguson. Ferguson provided the CS 53.3 grams of fentanyl, which was tested and confirmed by the DEA laboratory.

On May 2, 2023, a cooperating defendant completed a controlled purchase from Simmons. The purchase was arranged over the telephone and the deal was witnessed by a federal task force officer. The substance was confirmed as 81 grams of methamphetamine and approximately 28 grams of fentanyl. The transaction was arranged over Facebook messenger and surveillance watched Simmons travel from his home to the meeting location. Agents also witnessed a Facetime call between a cooperating defendant and Simmons. The sale occurred in Pasco County and Simmons made calls to co-defendant Clarence Ford the same day. During the investigation, agents reviewed communications between Clarence Ford and a source of supply in Mexico.

Simmons was arrested on February 24, 2024, in Hernando County for a state charge of felony drug possession and was released on bond three days later. While Simmons was still out on bond, federal agents executed a search warrant on May 14, 2024, at 5031 Tilson Drive in New Port Richey, the residence where Simmons resided (at least temporarily) and where he was arrested the same morning. Agents recovered 980 grams of fentanyl, 52 grams of which contained methamphetamine, and 45 grams of cocaine, in addition to three firearms and a manufacturing operation set up in the dining area of the home.

During the detention hearing, the Court accepted Simmons' proffer that the Tilson Drive location was not his primary residence, but agents recovered mail addressed to Simmons at the residence, identified multiple vehicles belonging to Simmons parked at

the residence, and have previously seen Simmons at the residence during the course of this investigation.

While Simmons has a limited criminal history, he is presently out on bond in a felony case and allegedly committed new criminal conduct on May 14, 2024, while on bond. Simmons made controlled sales in 2023 and was arrested for that conduct at his residence in May 2024, where agents recovered firearms, massive quantities of fentanyl, and a full manufacturing and packaging operation in Simmons' shared dining room.

## CONCLUSION

Accordingly, for the reasons stated herein and previously in open court, Simmons' Motion for Reconsideration of Pretrial Release and in the Alternative for the Court to Set Bond (Doc. 78) is **DENIED**. The Court's Order of Detention (Doc. 55) is **REAFFIRMED**, as stated herein.

**ORDERED** in Tampa, Florida, this 26th day of June 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE